IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| v.   ) | Criminal Case No.  2:17CR141 (RCY) |
| ) | |
| ROBERT PATTERSON,  ) | |
| Defendant.  ) | |
| _____) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by counsel on April 8, 2020 (ECF No. 29) ("Motion for Compassionate Release").

Defendant Robert Patterson ("Patterson") pled guilty on December 5, 2017, to Count Five of the pending indictment, which charged access with the intent to view visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(A) (ECF Nos. 16, 17, 18).  He was remanded into custody after pleading guilty. *Id*.  At the sentencing hearing on March 20, 2018, after granting a downward variance[1] sought by the defense, Senior United States District Judge Henry C. Morgan sentenced Patterson to 60 months of imprisonment (ECF No. 26). However, for an unknown reason, the Judgment in a Criminal Case ("Judgment") that was entered on April 3, 2018, reflected that the term of imprisonment was 48 months, so that became Patterson's sentence. (ECF Nos. 27, 28.)

According to the Bureau of Prisons ("BOP"), on October 27, 2020, Patterson was transferred by the BOP from prison to a halfway house and later, on November 6, 2020, into home confinement.  The transfer was pursuant to 18 U.S.C. § 3624(c)(2) and the BOP's expanded

---

[1] The advisory sentencing guideline range was 78 to 97 months, according to the Presentence Investigation Report and the Statement of Reasons. (ECF Nos. 21, 28.)

authority under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), which permits the BOP to transfer inmates to home confinement beyond the time frames set forth in § 3642(c)(2).[2] According to the BOP, it is anticipated that Patterson will complete his sentence on April 23, 2021, at which point he will begin his ten-year term of supervised release. *See* https://www.bop.gov/inmateloc/ (and enter Patterson's name or BOP number).

Patterson's case was reassigned to the undersigned on November 12, 2020. The Motion for Compassionate Release and exhibits, response, reply, and supplemental memorandum and exhibits have been reviewed and considered. For the reasons set forth herein, the Motion for Compassionate Release will be denied.

The Motion for Compassionate Release sought Patterson's release from FCI Elkton, the facility in which he was detained, because of Patterson's "serious underlying medical conditions" and the "growing number of confirmed COVID-19 cases in the facility in which he is detained." (Motion for Compassionate Release at 5.) Given that Patterson was released from FCI Elkton and is serving the remainder of his sentence at home, it seems that the relief Patterson sought has been effectuated by the BOP's having transferred Patterson from prison to home confinement, arguably rendering the Motion for Compassionate Release moot. Nevertheless, the Court has considered the Motion.

---

[2] Under § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or six months." The CARES Act permits the BOP to expand these time frames. The Court has no authority under § 3624(c)(2) to direct the BOP to place an incarcerated defendant in home confinement because such decisions are committed solely to the BOP's discretion. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that federal courts lack jurisdiction to grant early release to home confinement). Once a court imposes a sentence, "[t]he [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP.") (emphasis in original).

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. § 3582(c)(1)(A).

To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2). With regard to "applicable policy statements issued by the Sentencing Commission," the United States Court of Appeals for the Fourth Circuit recently clarified that "there currently exists no 'applicable policy statement[].'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Therefore, the guidance under § 1B1.13 of the United States Sentencing Commission Guidelines Manual does not apply to a motion for a reduction filed by a defendant. *Id.* at 282 ("A sentence reduction brought about by motion of a defendant, rather

than the BOP, is not a reduction 'under this policy statement.' By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions.") (citations omitted).  Thus, the Fourth Circuit explains in the *McCoy* opinion that "district courts need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) that defendant establishes extraordinary and compelling reasons for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant factors under § 3553(a).

The Court assumes for purposes of addressing the pending motions in this case that Patterson exhausted his administrative remedies, as confirmed by the supplemental memorandum filed by the defense on May 22, 2020 (ECF No. 32).  However, despite the fact that Patterson suffers from pulmonary fibrosis, sleep apnea, asthma, and high blood pressure, there is no indication that these conditions were not being properly addressed and treated within the BOP, and the Court does not find that "extraordinary and compelling reasons" warrant a reduction in Patterson's sentence.  This is especially true in light of Patterson's transfer to home confinement, which has mooted his concern about his particular vulnerability to contracting COVID-19 within FCI Elkton.  Moreover, the Court finds that a reduction in Patterson's sentence would undermine the relevant § 3553(a) factors.  While Patterson has some serious medical conditions that require continued treatment, those conditions were being properly treated while Patterson was incarcerated and are not so severe as to provide an extraordinary and compelling reason for a reduction in his sentence.  Nor does the Court, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors.  The Court finds that a reduction in Patterson's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for

the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense, the history and characteristics of the Defendant, and the reduced sentence the Defendant received at sentencing and in the Judgment. Accordingly, the Motion for Compassionate Release will be denied.

      An appropriate Order shall issue.

Richmond, Virginia
Date: <u>January 28, 2021</u>

/s/ *Roderick C. Young*
Roderick C. Young
United States District Judge